D5LMKOCC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   IN RE:   GRAND JURY PROCEEDINGS
             GERALD KOCH
4
                                            13 MISC. 153
5

6   ------------------------------x

7                                           New York, N.Y.
                                            May 21, 2013
8                                           3:55 p.m.

9
    Before:
10
                    HON. JOHN F. KEENAN,
11
                                            District Judge
12

13                       APPEARANCES

14  PREET BHARARA
         United States Attorney for the
15       Southern District of New York
    JOHN P. CRONAN
16       Assistant United States Attorney

17  SUSAN TIPOGRAPH
    DAVID RANKIN
18       Attorneys for Gerald Koch

19

20

21

22

23

24

25

D5LMKOCC

1              (Case called)

2              THE COURT:  The first thing I want to do is read into

3     the record an order that I just signed five minutes ago

4     downstairs.  Copies of it, Mr. Ryan, give them to both sides

5     and another copy is available publicly and the original can be

6     filed.  I'll give you the original.

7              The Court has received another letter, this one dated

8     May 21, 2013, from counsel for Mr. Koch and will address the

9     points raised therein.

10              First, Mr. Koch's request to view the declaration of

11    Assistant United States Attorney Cronin, submitted in

12    opposition to Koch's motion to disclose allegedly illegal

13    electronic surveillance, is denied.  The Court has reviewed the

14    declaration in camera and has determined that the entire

15    declaration implicates Rule 6(c) of the Federal Rules of

16    Criminal Procedure, because it relates to a pending grand jury

17    investigation, and therefore was properly filed ex parte and

18    under seal.  See Fed. R. Crim. P. 6(e)(2).  Applying the

19    precedent cited pie Mr. Koch, the Court finds that disclosure

20    of the information would "reveal the nature or direction of the

21    grand jury proceedings."  And that's a quote from the case In

22    re Grand Jury Subpoena (Doe No. 4), which is reported at 103

23    F.3d 234, particularly page 238.  That was a case decided by

24    the Second Circuit in 1996 and the case affirmed the district

25    court's sealing of papers related to electronic surveillance on

D5LMKOCC

1    the grounds that it "affected grand jury proceedings."

2         Second, the Court rejects Mr. Koch's argument that the

3    government's denial of electronic surveillance is insufficient.

4    Assistant United States Attorney Cronin's declaration, sworn

5    to -- and I'm quoting from his declaration -- "under penalty of

6    perjury" fully complies with 28 United States Code Section

7    1746.  Thus, Mr. Koch's counsel suggestion that the denial

8    "must be made in affidavit form" -- that's from the defense

9    papers -- is entirely without merit and signals a failure to

10   read the applicable law.

11        Finally, in view of the government's letter dated May

12   17, 2013, and the fact that Mr. Koch does not object, the Court

13   orders portions of the government's sealed memorandum of law of

14   May 14, 2013 and this Court's sealed order of May 15, 2013 to

15   be made public to the degree recommended in the government's

16   May 17, 2013 letter.  The Court orders all documents filed on

17   behalf of Mr. Koch to be unsealed with the redactions requested

18   by Mr. Koch's counsel.

19        The Court orders that this action be unsealed only for

20   the limited purpose of making the above-described documents

21   available, as well as this order.

22        Now, the standard of proof that I'm operating under

23   here is whether or not it is clear and convincing that Mr. Koch

24   has refused and might continue to refuse to testify before the

25   grand jury and answer the questions since he has received

D5LMKOCC

1   immunity.  I directed him last week to answer the questions and

2   to testify.

3          Now, after the sealed proceedings last week or at the

4   end of the sealed proceedings last week, Mr. Koch's lawyer

5   asked for an additional five days to prepare for this civil

6   contempt hearing.

7          Mr. Koch, please rise.

8          I am going to go over some of the grounds that I went

9   over with you last week.

10          Were you called to testify before the October 2012

11   special grand jury on the morning of May 16, 2013?

12          MS. TIPOGRAPH:  Judge, with no disrespect meant to the

13   Court, I have advised Mr. Koch not to answer these questions.

14          THE COURT:  I am going to ask the questions.  If he

15   doesn't want to answer them on your advice, that's his business

16   and yours.  I am asking the questions.

17          MS. TIPOGRAPH:  Very well, Judge.

18          THE COURT:  Mr. Koch, were you called to testify

19   before the May 16, 2013 special grand jury here in the Southern

20   District of New York?

21          MS. TIPOGRAPH:  I have advised him not to answer that

22   question.

23          THE COURT:  What do you have to say?

24          MS. TIPOGRAPH:  I have advised him not to speak.

25          THE COURT:  You are not going to answer my question

D5LMKOCC

1    either?

2              MS. TIPOGRAPH:  Excuse me, Judge?

3              THE COURT:  I'm talking to Mr. Koch.

4              MS. TIPOGRAPH:  I've advised him not to answer the

5    Court's questions, Judge.

6              THE COURT:  Do you understand that the October 2012

7    special grand jury is investigating possible violations of the

8    federal criminal law?

9              Do you understand that?

10             MS. TIPOGRAPH:  I have advised him not to answer that

11   question.

12             THE COURT:  On what grounds?

13             MS. TIPOGRAPH:  Judge, on the grounds that answering

14   the question may be an admission to a federal crime.

15             THE COURT:  Do you understand that you are under

16   judicial order by both Judge Sweet and myself to give evidence

17   to that grand jury concerning that investigation?

18             MS. TIPOGRAPH:  Again, I have advised him not to

19   answer on the same grounds, Judge.

20             THE COURT:  Did you refuse to give evidence to the

21   grand jury when you were asked certain questions?

22             MS. TIPOGRAPH:  Again, I'm advising him not to answer.

23   As the Court stated the other day, the record is what the

24   record is.

25             THE COURT:  I am now ordering you unequivocally to

D5LMKOCC

1    give evidence to the October 2012 grand jury by testifying

2    before that grand jury and by giving responsive answers to the

3    questions that you put before the grand jury.

4            Are you going to comply with my order?

5            MS. TIPOGRAPH:  Judge, I will answer that my client

6    has stated repeatedly publicly that he has no information that

7    he is aware of or can recall relevant to this investigation

8    and, indeed, will not testify as a matter of principle and the

9    assertion of various constitutional rights.

10           THE COURT:  He no longer has a Fifth Amendment right

11   because he has gotten immunity.  He has received transactional

12   immunity, has he not?

13           MS. TIPOGRAPH:  Judge, the record is what the record

14   is.

15           THE COURT:  Doesn't the record show that he has

16   received transactional immunity?

17           MS. TIPOGRAPH:  I understand that, Judge.

18           THE COURT:  So he has received transactional immunity?

19           MS. TIPOGRAPH:  I take that representation by the

20   Court to be correct and I've seen the papers and, yes, and I am

21   advising him not to speak in this courtroom, and I am advising

22   the Court that he will, in fact, continue to refuse to testify

23   on grounds of principle having to do with his well-founded

24   belief about the nature --

25           THE COURT:  That's not what the law says.  You're his

D5LMKOCC

1    lawyer and you're advising him not to answer so you're advising

2    him to be in contempt.

3         MS. TIPOGRAPH:  I'm not advising him to commit any

4    act.  I'm doing the Court the courtesy of informing the Court.

5    But as this Court is well aware, you certainly wouldn't want my

6    client to answer questions in this courtroom which could make

7    him subject to a possible criminal charge.  That would be

8    irresponsible of me, at best.

9         THE COURT:  Mr. Koch, are you willing to answer

10   questions before the grand jury?

11        MS. TIPOGRAPH:  I've indicated to the Court, Judge,

12   that he will not answer, he will not appear in front of this

13   grand jury.  He does not believe he has any information

14   relevant to this investigation and, as a matter of principle

15   and as assertion of his constitutional rights, he will not

16   testify before the grand jury.

17        THE COURT:  I find by clear and convincing proof,

18   because of the evidence offered before me during the sealed

19   proceedings on May 16, the sealed evidence being presented

20   first by the court reporter from the grand jury and, secondly,

21   from the foreperson of the grand jury, that Mr. Koch has

22   refused to answer the substantive questions that were posed to

23   him before the grand jury by Mr. Cronin, the Assistant United

24   States Attorney.  Indeed, the court reporter read the colloquy

25   from the grand jury minutes into the record.

D5LMKOCC

1        I direct that Mr. Koch answer the questions before the

2    grand jury.  You are telling me he won't, is that right?

3        MS. TIPOGRAPH:  That is correct, Judge.

4        THE COURT:  You want to answer, Mr. Koch?

5        MS. TIPOGRAPH:  Judge, again, I have advised him not

6    to speak in this courtroom.

7        Judge, I'm sorry.  I just want to be heard briefly.  I

8    think 28 U.S.C. 1826 and how it's been interpreted by various

9    courts in this country, including the Supreme Court of the

10   United States, requires a finding that the refusal is without

11   just cause.  I would point the Court --

12       THE COURT:  I make the finding that it's without just

13   cause.

14       MS. TIPOGRAPH:  Judge, I would like to at least make a

15   record for appellate purposes.

16       THE COURT:  You have made more record here.  Every

17   time I come down to chambers from court, I find another letter

18   or another brief.

19       Go ahead, make your record.

20       MS. TIPOGRAPH:  Judge, a number of issues.  One is,

21   the first is, we would obviously renew our motions to quash an

22   electronic surveillance as a defense to --

23       THE COURT:  There is no electronic surveillance of

24   Mr. Koch.  That's in the affidavit or the declaration of

25   Mr. Cronin, which is under perjury.  I make the finding that

D5LMKOCC

1    there is no electronic surveillance of Mr. Koch.

2            MS. TIPOGRAPH:  Judge, I appreciate that the Court has

3    made that finding.  I am stating these things for purposes of

4    the record for any appellate proceedings that will go on.

5            In Re Oliver, 333 U.S. 257, says that due process of

6    law requires that one charge with contempt of court be advised

7    of charges against him have a reasonable opportunity to meet

8    them by way of defense or explanation and have a right to be

9    represented by counsel, have a chance to testify, and call

10    other witnesses in his behalf either by way of defense or

11    explanation.  That case has been applied to civil contempt

12    proceedings by this circuit in the matter of Kitchen, 706 F.2d

13    1266 (2nd Cir. 1983.)

14            I would also add, Judge, that there is some body of

15    law that holds that it is the grand jury, and not the Court nor

16    the prosecutor, who should be initiating contempt proceedings.

17    I point the Court to United States District Court, Eastern

18    District of New York, In Re Grand Jury Proceedings, John Doe,

19    found at 790 F.Supp. 422 (1992), I'm reading from page 4:

20    While judges may not be suited to make judgments of this kind,

21    it is equally clear that Congress has not chosen to entrust

22    such a decision, that decision as to whether or not to seek an

23    order of contempt to the executive branch.  The United States

24    Attorney is not --

25            THE COURT:  To the executive branch?

D5LMKOCC

1              MS. TIPOGRAPH:  Excuse me?

2              THE COURT:  The executive branch isn't making the

3     finding of contempt.  It's the judicial branch.

4              MS. TIPOGRAPH:  Judge, if you will let me finish and

5     make my record.  I'm not trying to unduly delay this.  I am

6     trying to responsibly represent my client in a way that the

7     proceedings are clear, and if there is, in fact, an appeal of

8     this matter that the record before the Second Circuit is as

9     clear as can be.

10             The United States Attorney is not an investigating

11    magistrate empowered to subpoena witnesses before him and give

12    testimony.  When he causes a subpoena to be served on a

13    citizen, it is to compel an appearance before the grand jury.

14    When he seeks an order compelling a witness to testify, he,

15    again, does so on behalf of the grand jury, and it cites a book

16    by Irving Kaufman called the Grand Jury, Its Role and Powers.

17             Although Congress has vested in the Attorney General

18    rather than the grand jury the power to decide whether a

19    witness is to be immunized from prosecution based on testimony

20    he may be compelled to give, citing 18 U.S.C. 6002 through

21    6005, it is the grand jury that possesses the power to decide

22    whether it wishes to hear that testimony.

23             And the Court, and this is Judge Korman in the Eastern

24    District, goes on to say:  There are occasions when it is

25    appropriate to insist that the grand jury expressly authorize

D5LMKOCC

1    the action that the United States Attorney seeks to undertake

2    on its behalf.

3              This is particularly true in the present context,

4    which is the context of a grand jury.

5              The decision goes on to say:  If society or the public

6    has the right to force John Doe to make that choice, then it is

7    all together appropriate that the grand jury, the disinterested

8    group of citizens that serve as a kind of buffer or referee

9    between the government and the people, citing United States v.

10   Williams, make an informed judgment as to whether it is

11   appropriate to put him to that choice.

12             I would note for the record that while indeed the

13   grand jury foreperson did testify in this court under seal the

14   other day, there was no testimony other than what had happened

15   in the grand jury.

16             THE COURT:  Which was that the foreperson of the grand

17   jury directed him to answer questions.

18             MS. TIPOGRAPH:  Certainly in the contempt proceedings

19   I have not seen any document that was an indication that the

20   grand jury, through its foreperson, is seeking to hold Mr. Koch

21   in contempt.

22             THE COURT:  I make that finding because I heard the

23   testimony.

24             MS. TIPOGRAPH:  Very well, Judge, just so the record

25   is clear.

D5LMKOCC

1          Again, since the Supreme Court of the United States,

2     as adopted by the Second Circuit in the matter of Kitchen, has

3     determined that Mr. Koch can put forward any arguments, either

4     by way of defense or explanation for his action, it is on that

5     basis that, again, we renew our motions to quash and the motion

6     for electronic surveillance by way of defense or explanation

7     for his principle decision.

8          Whether you or I agree, Judge, and I understand very

9     well the power that this Court has, whether you and I agree on

10    his decision or think it's a wise decision, it's not a decision

11    based on the belief that he's hiding somebody or protecting

12    somebody, but it's based on the belief and his knowledge based

13    on the study of history and politics and the courses that he

14    learned in school and the information that he learned out of

15    school that the grand jury has been used historically to

16    investigate and to political movements that have stood in

17    opposition.

18          THE COURT:  I don't want a political speech.  If you

19    want to make a legal speech, make your legal speech, but don't

20    give me a lot of political argument.

21          Title 18 Section 1826 provides that whenever a witness

22    refuses to testify without just cause and without reason and

23    fails to comply with an order of the Court to testify, the

24    Court may summarily order the witness and find until such time

25    as he is willing to comply with the Court's order.

D5LMKOCC

1          And as far as I'm concerned, it's unequivocal that

2     he's been directed to testify, and I again direct him to

3     testify.  And you are telling me and have told me repeatedly

4     that he is not going to comply with my order.  Therefore --

5          MS. TIPOGRAPH:  Judge, I'm making a record.

6          As is set forth in In Re Oliver, a Supreme Court

7     decision, which was adopted by the Second Circuit in a 1983

8     decision matter of Kitchen, that we are allowed to put forward

9     a defense or explanation for my client's position.  And I'm not

10    making political speeches.  I'm making a record.

11         THE COURT:  You were making a political speech about

12    how a grand jury --

13         MS. TIPOGRAPH:  I'm sorry that the Court believes

14    that, Judge.  I believe that I'm fulfilling my obligations

15    under existing precedent from the Second Circuit and the United

16    States Supreme Court to make as full a record as possible

17    because, in fact, 28 U.S.C. 1826 says without just cause.  I

18    understand that the Court has not accepted my client's basis

19    for what that just cause is.  That doesn't mean that he cannot

20    put forward his belief that it's just cause by way of defense

21    or explanation, as he is permitted to do so by the law.

22         The statute also says that the Court is not required

23    to confine him.  It does not say shall.  It says may.  And we

24    are asking the Court, obviously, not to confine him.  And the

25    statute goes on to say that he should be confined at a suitable

D5LMKOCC

1   place.  I would make note of the fact of what provision the

2   Court is going to make as to what is a suitable place --

3              THE COURT:  Manhattan Correctional Center.

4              MS. TIPOGRAPH:  I would argue that's not a suitable

5   place.  He is not charged with any crime.  He hasn't committed

6   any crime.

7              THE COURT:  This is not a criminal proceeding.  It's a

8   civil procedure.

9              MS. TIPOGRAPH:  I understand that.

10              THE COURT:  And commitment under a civil contempt is

11   not criminal.  I told him last week and I'm telling him again

12   and I'm telling you, that in addition to the civil contempt,

13   later on, if the government proceeds, he may well be indicted

14   criminally for contempt of a grand jury.  That's a whole

15   separate matter that I have nothing to do with.  I told him

16   that, so he knows it.

17              MS. TIPOGRAPH:  We appreciate that, Judge.

18              What I'm suggesting is, given that it is, in fact, a

19   civil proceeding and that any confinement, which is not

20   obligatory in this court -- in fact, In Re Cueto, a decision by

21   a judge in this court in 1978, which is still good law, says

22   that the Court has wide latitude in civil contempt situations

23   in determining whether to order coercive incarceration at all,

24   and if incarceration is deemed warranted, the length of

25   incarceration imposed is within the Court's sound discretion.

D5LMKOCC

1            I'm obviously asking you not to incarcerate my client,

2    Judge.  I believe that while the Court has determined that the

3    arguments that he has put forward as to First Amendment claims

4    and other claims which the Court -- I won't repeat because I

5    don't want to be accused by the Court of making political

6    speeches -- those are positions of principle and not a

7    disrespect to the Court.  It's his principle that it would be a

8    violation of his First Amendment rights to testify before this

9    grand jury, both because he would be asked as to his political

10   associations and as to protected speech, and also because the

11   mere fact of being called in to a secret proceeding would hold

12   him up to his friends and political associates to distrust

13   because of the secret nature of the proceedings.

14           And, again, Judge, I appreciate that this Court has

15   ruled as to quashing and the electronic surveillance.  I am not

16   trying to reargue them.  But I am posing them as an explanation

17   and just cause for Mr. Koch's position not out of contempt, but

18   out of standing up for the principles that he holds very dear.

19           If I can have one moment, Judge.

20           I have nothing further at this time, Judge, unless the

21   Court has questions.

22           THE COURT:  I again direct you to answer the

23   questions.  But since you have refused and since you, on

24   counsel's advice, are not responding to me, I find that you are

25   in civil contempt, that you're in contempt of the grand jury

D5LMKOCC

1   because of your failure to answer questions properly put to you

2   while you're immunized.

3          I advise you that you can purge yourself of the

4   contempt by complying with my order to testify and by

5   testifying before the grand jury.  And if you should change

6   your mind and you decide that you want to testify, immediately

7   contact Ms. Tipograph and her colleague, Mr. Rankin, and tell

8   them, or either of them, that you are willing to testify.

9          If for some reason I'm not here, because the summer is

10   coming, I direct counsel, if there is a desire and effort by

11   Mr. Koch to purge himself, that the counsel immediately contact

12   Mr. Cronin and you go to whoever the part I judge is if I'm not

13   here.

14          I find Mr. Koch is in contempt, as I've said, and I am

15   remanding him to the Metropolitan Correctional Center for an

16   indefinite period of time.  The period of time cannot exceed 18

17   months or the length of service of the grand jury.

18          That's my ruling, my finding, and I direct that he be

19   taken into custody by the United States Marshal.

20          MS. TIPOGRAPH:  Judge, one question of clarification.

21   I assume that the Court's order is based on 28 U.S.C. 1826(a).

22          THE COURT:  It's based on 1826 of the United States

23   Code, subdivision A.

24          MS. TIPOGRAPH:  Thank you.

25          THE COURT:  For the record, the docket number is

D5LMKOCC

1    miscellaneous number 13 153.

2            And make sure a copy of Mr. Cronin's submission is put

3    in the public file, not the one that's redacted.

4            Thank you.

5                             o0o

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25